Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
Shaamini A. Babu, Esq. (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.<br><br>Plaintiffs,<br><br>v.<br><br>O P & SONS CONSTRUCTION, a California Partnership; MYRNA RAE DAMMARELL, Individually; and VERNON KEITH DAMMARELL Individually,<br><br>Defendants. | Case No.: C09-0390 JSW<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in this action in favor of plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. ("Plaintiffs") and against Defendants O P & SONS CONSTRUCTION, MYRNA RAE DAMMARELL, and VERNON KEITH DAMMARELL ("Defendants"), as follows:

1. Defendants entered into a valid Collective Bargaining Agreement with District Council No. 16 of the International Union of Painters and Allied Trades ("Bargaining Agreement."). The Bargaining Agreement obligated Defendants to timely pay monthly employee benefit contributions to Plaintiffs. Delinquent contributions incurred ten percent (10%) liquidated

1                                                         **JUDGMENT PURSUANT TO STIPULATION  - Case No. C09-0390 JSW**

damages and seven percent (7%) interest per annum on the unpaid contributions.  The Bargaining Agreement further obligated Defendants to pay all resulting attorneys' fees and costs incurred in the collection of delinquent amounts due.

2.    The parties agree that Defendants are indebted to the Plaintiffs under the terms of the Bargaining Agreement and Trust Agreements in amounts agreed to as follows:

| | | | |
|---|---|---:|---:|
| August 2008 | | | |
| | 10% Liquidated Damages on late-paid contributions | $229.01 | |
| | 7% Interest (10/28/08) | $18.89 | $247.90 |
| September 2008 | Contributions | $8,865.43 | |
| | 10% Liquidated Damages | $886.54 | |
| | 7% Interest p/a (to 3/26/09) | $275.40 | $10,027.37 |
| October 2008 | Contributions | $9,735.90 | |
| | 10% Liquidated Damages | $973.59 | |
| | 7% Interest p/a (to 3/26/09) | $244.97 | $10,954.46 |
| November 2008 | Contributions | $1,584.47 | |
| | 10% Liquidated Damages | $158.45 | |
| | 7% Interest p/a (to 3/26/09) | $30.03 | $1,772.95 |
| December 2008 | Contributions | $1,832.64 | |
| | Liquidated Damages | $183.26 | |
| | 7% Interest p/a (to 3/26/09) | $24.50 | $2,040.40 |
| January 2009 | Contributions | $2,939.68 | |
| | 10% Liquidated Damages | $293.97 | |
| | 7% Interest p/a (to 3/26/09) | $21.84 | $3,255.49 |
| SUBTOTAL | | | $28,298.57 |
| | Attorneys' Fees (to 3/26/09) | | $2,495.50 |
| | Costs (to 2/27/09) | | $395.97 |
| **TOTAL** | | | **$31,189.44** |

3.    Plaintiffs and Defendants have agreed to resolve this matter.  Defendants shall pay the amount of **$31,189.44** as follows:

2                                                               JUDGMENT PURSUANT TO STIPULATION  - Case No. C09-0390 JSW

      (a)     Starting on March 31, 2009 and continuing thereafter for a period of twelve (12) months through February 28, 2010, defendants shall pay the amount of **$2,700.00**.  Payments shall be due on or before the last calendar day of each month.  Defendants shall have the right to increase monthly payments at any time or pay the entire remaining balance at any time without penalty.

      (b)     Interest will continue to accrue on the balance at the rate of 7% per annum as provided for in the Bargaining Agreement and Trust Agreements.

      (c)     Each payment shall be applied first to unpaid interest and then to the reduction of the principal balance.

      (d)     All payments shall be made payable to the "Bay Area Painters and Tapers Trust Funds," and delivered to Michele R. Stafford, Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, CA  94104, or to such other address as may be specified by Plaintiffs**.**

4.     Beginning with contributions due for hours worked by Defendants' employees during the month of February 2009, due on March 15, 2009, and for every month thereafter until this Stipulation is satisfied, Defendants will remain current in contributions due to Plaintiffs under the terms of the Bargaining Agreement, by timely submitting monthly reports and paying all contributions due to the Trust Funds.  The contribution reports and payments referenced herein shall be delivered directly to the Trust Funds, after faxing a copy of the report and check to Michele R. Stafford, Saltzman & Johnson, at (415) 882-9287.  To the extent that Defendants work on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the general contractor, owner or other reporting agency.

5.     Failure by Defendants to provide all payments and otherwise comply as required

with this Stipulation and the Bargaining Agreement shall constitute a default of the obligations under this Stipulation.

6. In the event that any payment for the twelve (12) month period is not received from Defendants as required, or is submitted by Defendants but fails to clear the bank, or is unable to be negotiated for any reason, Defendants shall be considered to be in default of this Stipulation.

7. In the event Defendants are in default of this Stipulation, Plaintiffs will provide Defendants with written notice of the default, allowing seven (7) days from the date of the notice in which to cure the default. All further payments must be made by cashier's check if the default was caused by a failed check. In the event that a default is not timely cured the following shall occur:

(a) The entire balance of **$31,189.44** as specified in paragraph 3, plus interest as specified above, but reduced by principal payments received from Defendants, in addition to any unpaid contributions then due plus 10% liquidated damages and 7% per annum interest thereon, shall be immediately due and payable, together with any additional attorneys' fees and costs incurred in this matter.

(b) A Writ of Execution may be obtained by Plaintiffs against Defendants without further notice to Defendants, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default. Defendants consents to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution herein.

(c) Defendants expressly waive notice of entry of Judgment and Writ of Execution, and expressly waive all rights to stay of execution and appeal.

4                                              **JUDGMENT PURSUANT TO STIPULATION - Case No. C09-0390 JSW**

(d) Defendants shall pay all additional reasonable costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed to plaintiffs under this Stipulation regardless of whether or not Defendants default herein.

8. At least ten (10) days prior to the date the final payment under this Stipulation becomes due, Plaintiffs will advise Defendants in writing of the amount of such payment. The final payment shall consist of any amounts remaining due under the terms of this Stipulation, including, but not limited to, any unpaid contributions, liquidated damages, additional accumulated interest, and any additional attorneys' fees and costs incurred. Any failure of Plaintiffs to provide such notice of final payment shall not constitute a waiver by Plaintiffs of any sums due.

9. Vernon Keith Dammarell acknowledges that he is the Qualifying Partner of Defendants herein, and is authorized to enter into this Stipulation on behalf of O P & Sons Construction. Defendants and all of its successors in interest, assigns, and affiliated entities (including, but not limited to parent or other controlling companies), if any, shall also be bound by the terms of this Stipulation as Guarantors. Defendants, and all such entities specifically consent to the Court's jurisdiction as well as all other terms herein and <u>specifically consent to the authority of a Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of execution.</u>

10. In the event of the filing of a bankruptcy petition by the Defendants/Guarantors, the parties agree that any payments made pursuant to the terms of this Stipulation, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. §547 (c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. §547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

11. Any failure on the part of the Plaintiffs to take any action against Defendants as

5  **JUDGMENT PURSUANT TO STIPULATION - Case No. C09-0390 JSW**

provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants of any provisions herein.

12. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, by a withdrawal liability assessment or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine res judicata as to any such additional amounts determined due.

13. Plaintiffs specifically reserve the right to bring a subsequent action against Defendants for the collection of any additional amounts found to be due for the hours worked during the periods preceding the date of this Stipulation, including but not limited to, all sums found to be due on audit. Defendants specifically waive the defense of the doctrine of res judicata in any such action.

14. This Stipulation is the entire agreement between the parties and limited to the delinquent contributions and other amounts due herein owed by Defendants to the Funds. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

15. Should any provision of this Stipulation be declared or determined by any Court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. The parties agree that the Court shall retain jurisdiction of this matter, until this Judgment is satisfied.

///

///

7  **JUDGMENT PURSUANT TO STIPULATION  - Case No. C09-0390 JSW**

P:\CLIENTS\PATCL\O.P. & Sons -Oris Pacheco & Sons\Pleadings\C09-0390 JSW Judgment Pursuant to Stipulation 040109.DOC

19. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

**O. P. & SONS CONSTRUCTION**

Dated: April 7, 2009          By:    /s/
                                   Vernon Keith Dammarell
                                   Title: Qualifying Partner

**VERNON KEITH DAMMARELL**

Dated: April 7, 2009          By:    /s/
                                   Vernon Keith Dammarell, Individually

**MYRNA DAMMARELL**

Dated: April 7, 2009          By:    /s/
                                   Myrna Dammarell, Individually

**SALTZMAN & JOHNSON LAW CORPORATION**

                                      /s/
Dated: April 9, 2009               Michele R. Stafford
                                   Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated: __April 13__, 2009          _____/s/ Jeffrey S. White_____
                                   UNITED STATES DISTRICT COURT JUDGE

8                                                                 **JUDGMENT PURSUANT TO STIPULATION  - Case No. C09-0390 JSW**