United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAY AREA PAINTERS AND TAPERS
PENSION TRUST FUND, *et al.*,

    Plaintiffs,

v.

O.P. & SONS CONSTRUCTION, *et al.*,

    Defendants.
_____/

No. C-09-0390 JSW (EMC)

**REPORT AND RECOMMENDATION RE PLAINTIFFS' REQUEST FOR ISSUANCE OF WRIT OF EXECUTION**

**(Docket No. 17)**

Plaintiffs and Defendants stipulated to a judgment on April 9, 2009, which the presiding judge in this case subsequently approved. *See* Docket Nos. 14, 16 (stipulation and judgment). One of the provisions of the stipulated judgment permits Plaintiffs to obtain a writ of execution against Defendants upon a default. *See* Docket No. 16 (Judgment ¶ 7(b)). Plaintiffs have now submitted a declaration, in which they submit evidence that Defendants have defaulted, and accordingly ask for issuance of a writ of execution. The presiding judge referred Plaintiffs' motion to the undersigned for a report and recommendation. Having reviewed Plaintiffs' motion and accompanying submissions, as well as the supplemental papers requested by the Court and all other evidence of record, the Court hereby recommends that Plaintiffs' request be **GRANTED**.

## I.    FACTUAL & PROCEDURAL BACKGROUND

On April 13, 2009, the presiding judge in this case signed a stipulated judgment. *See* Docket No. 16 (judgment). In the stipulated judgment, the parties agreed that, under the terms of a collective bargaining agreement and related trust fund agreements, Defendants owed Plaintiffs $31,189.44, representing unpaid contributions to the trust funds at issue, liquidated damages,

interest, and attorney's fees and costs. The parties also agreed that Defendants would pay Plaintiffs that sum. *See* Docket No. 16 (Judgment ¶¶ 2-3). Finally, the parties agreed that, "[b]eginning with contributions due for hours worked by Defendants' employees during the month of February 2009 . . . and for every month thereafter until this Stipulation is satisfied, Defendants will remain current in contributions due to Plaintiffs under the terms of the [Collective] Bargaining Agreement, by timely submitting monthly reports and paying all contributions due to the Trust Funds." Docket No. 16 (Judgment ¶ 4).

The stipulated judgment specifies that "[f]ailure by Defendants to provide all payments and otherwise comply as required with this Stipulation and the Bargaining Agreement shall constitute a default of the obligations under this Stipulation." Docket No. 16 (Judgment ¶ 5). The stipulated judgment also specifies that, if Defendants do default, then Plaintiffs are required to give Defendants written notice of the default along with the opportunity to cure. *See* Docket No. 16 (Judgment ¶ 7). If there is no timely cure, then

> [a] Writ of Execution may be obtained by Plaintiffs against Defendants without further notice to Defendants, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default.

Docket No. 16 (Judgment ¶ 7(b)). Defendants are required to "pay all additional reasonable costs and attorneys' fees incurred by plaintiffs in connection with collection and allocation of the amounts owed to plaintiffs under this Stipulation regardless of whether or not Defendants default." Docket No. 16 (Judgment ¶ 7(d)).

On May 11, 2009, Plaintiffs sent a letter to Defendants, notifying them that they were in default with respect to the stipulated judgment and giving them an opportunity to cure. *See* Docket No. 21 (Stafford Decl., Ex. D) (letter). Defendants did not timely cure, and therefore Plaintiffs moved for issuance of a writ of execution based on the default. Plaintiffs' counsel explained in a declaration the basis of the default. *See* Docket No. 17 (Stafford Decl. ¶ 3) (noting that "Defendants made [only] one stipulated payment of $2,700.00, all of which was applied to the principal, leaving a balance of $28,489.44 due as of April 9, 2009"). Based on the default, Plaintiffs sought to execute

2

on the remaining balance owed by Defendants -- *i.e.*, $28,489.44 -- plus interest in the amount of $267.72.  *See* Docket No. 17 (Stafford Decl. ¶ 6).  Plaintiffs also asked to execute on an additional sum reflecting attorney's fees and costs incurred -- *i.e.*, $2,237.50.  *See* Docket No. 17 (Stafford Decl. ¶¶ 7-10).  Finally, Plaintiffs asked to execute on a sum representing additional monetary damages for the period February through April 2009.  *See* Docket No. 17 (Stafford Decl. ¶ 5).

## II.   DISCUSSION

Federal Rule of Civil Procedure 69(a) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a).

The Court has reviewed Plaintiffs' papers, including their proposed writ of execution, and finds that the proposed writ is reasonable.  It is clear that, under the stipulated judgment, Plaintiffs are entitled to the remaining balance, interest, and attorney's fees.  *See* Docket No. 16 (Judgment ¶¶ 2, 3(b), 7(d)).  The only remaining question is whether Plaintiffs are entitled to the additional monetary damages sought.

Plaintiffs argue that they are entitled to additional damages because Defendants failed to provide contribution reports and payments for the period February to April 2009.  *See* Docket No. 17 (Stafford Decl. ¶ 5).  Plaintiffs have made estimates as to what the unpaid contributions, liquidated damages, and interest were for these months "based on the last amount reported by Defendants."  Mot. at 2.  Plaintiffs' counsel, in a supplemental declaration, explains that it was appropriate to make estimates because (1) under the collective bargaining agreement to which Defendants are signatories, the Board of Trustees is entitled to make "rules and regulations to facilitate and enforce the collection and payment" of contributions, Docket No. 21 (Stafford Decl., Ex. B) (Collective Bargaining Agreement, art. XIV, § 4(e)); and (2) the Board of Trustees has established collection procedures which provide, *inter alia*, that, at a certain point if contributions are not timely paid, then the matter is referred to counsel and "[u]nreported months will be estimated at the amount last reported."  Docket No. 21 (Stafford Decl., Ex. C) (Collection Procedures, art. III)

3

(step 3 of steps taken by administrator). Given these circumstances, the Court concludes that it is appropriate for Plaintiffs to seek execution with respect to additional monetary damages in the amount requested by Plaintiffs.

Accordingly, the Court recommends that the proposed writ of execution submitted by Plaintiffs be issued. The Court notes, for the benefit of the presiding judge, that item 12 on the proposed writ reflects the estimated additional monetary damages for the period February through April 2009 plus attorney's fees.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiffs' request for issuance of a writ of execution be granted.

Any party may file objections to this report and recommendation with the district judge within ten days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

Dated: June 22, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California